# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | )  |                                              |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Magistrate Case No.: 19-00295 (GMH/RMM) |
| | ) | |
| KHALIK SIMPKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM SUPPORTING PRETRIAL RELEASE ORDER

On December 3, 2019, after conducting a detention hearing, the undersigned Magistrate Judge determined that the United States had not carried its burden of proving by clear and convincing evidence that no conditions existed pursuant to which the Defendant, Khalik Simpkins, could be released without unduly endangering the safety of the community. The United States requested a stay of the release order, in light of its intent to file an appeal of the ruling. The undersigned Magistrate Judge stayed the release order through December 5, 2019. In light of the pending appeal, and for clarity of the record, the reasons for the detention ruling are set forth below.[1]

## DETENTION ANALYSIS

**A. Background**

The background was set forth in the Government's Memorandum in Support of Pretrial Detention, which was incorporated by reference as a proffer at the detention hearing. In addition, the defense orally proffered facts in opposition to the detention memorandum. The

---

[1] This Memorandum tracks the reasoning set forth in the ruling from the bench.

most significant portions of the parties' respective proffers are referenced in the analysis of each factor below.

### B. Legal Standard

"In our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, articulates the circumstances that trigger that exception. Specifically, provisions of the Bail Reform Act authorize a judicial officer to order the detention of a defendant before trial if the judicial officer determines after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

A finding that a defendant poses a danger to the community, or that there is a serious risk the defendant will flee, provides an adequate basis to order pretrial detention. *See Salerno*, 481 U.S. at 755; *United States v. Lee*, 195 F. Supp. 3d 120, 124 (D.D.C. 2016); *United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996). A detention decision based upon the defendant's dangerousness to the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f); *see United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). In contrast, a detention decision based upon a finding that no set of conditions will reasonably assure the defendant's appearance in court "need only be supported by a 'preponderance of the evidence.'" *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987) (quoting *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986)); *see United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005).

The Bail Reform Act directs judges to consider four factors in determining whether any conditions of release will reasonably assure a defendant's future presence in court or assure the

safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *Xulam*, 84 F.3d at 442.

### C. Analysis of Statutory Factors

#### 1. *Nature and Circumstances of Charged Offense*

This factor weighs in favor of pretrial detention because Mr. Simpkins is charged with unlawfully possessing a firearm as a felon, and the firearm was allegedly loaded. The fact that Mr. Simpkins is not accused of wielding, brandishing, or using the firearm does not tilt this factor in favor of release.

#### 2. *Weight of the Evidence*

This factor is neutral, because the evidence was strong enough to support an indictment but not strong enough to weigh in favor of detention. The weapon was recovered from a room occupied by Defendant and his girlfriend, on the floor, between the bed and the wall, near the side of the bed where Defendant's identification was located. In addition, a round of ammunition was located in a dresser drawer next to Defendant's passport. However, the defense proffered that the room was used by Defendant's stepfather, who previously was arrested for possessing a firearm; the defense also indicated that other male relatives had occasionally used that room. The defense also proffered that Defendant listed the home where the weapon was recovered as his permanent and primary address, and at the time of the search he was sleeping there because of the upcoming Thanksgiving holiday, but that he had recently primarily stayed at his girlfriend's house instead of that address. In addition, the photograph proffered by the defense shows that the bed was pushed up against a wall, and that the furniture near which the

weapon was recovered was near the foot of the bed (not a nightstand in easy reach of a person reclining in bed). The defense also proffered that the phone recovered from that furniture was not Defendant's phone. The defense's proffer raises questions about whether Defendant possessed the firearm, or whether he simply temporarily slept in a room where another person had hidden a firearm without his knowledge. As there is not currently any fingerprint or DNA evidence linking Defendant to the weapon, this factor does not weigh in favor of detention.

### 3. *History and Characteristics of the Defendant*

Some aspects of Mr. Simpkins' history and characteristics favor detention, and other aspects favor release. On the positive side, Mr. Simpkins is employed, has no history of convictions of violent offenses, and has strong family support and community ties. In addition, his girlfriend is expecting a child, and pretrial has confirmed his mother's address and his girlfriend's address (which makes him technically eligible for the High Intensity Supervision Program "HISP"). On the negative side, Mr. Simpkins has a prior conviction for carrying a pistol without a license, originating in 2017, and a prior conviction of possession of cocaine. Mr. Simpkins also has a history of noncompliance with his pretrial conditions, has unsuccessfully completed probation, and was on pretrial release when the gun was recovered in connection with this case. The defense asserts that the prior noncompliance reflects drug addiction and does not indicate that Mr. Simpkins is dangerous. Nonetheless, the Court is particularly concerned with the history of noncompliance, as that raises questions about whether Mr. Simpkins would comply with conditions if released in connection with the instant pending charge.

### 4. *Nature and Seriousness of Danger to the Community*

This factor weighs in favor of pretrial detention, due to the risk that Mr. Simpkins would possess another unlawful firearm while on pretrial release, which would endanger the

community in two ways: (1) by furthering the market for unlawful firearms, which causes significant danger to the local community given the prevalence of unlawful firearms and their use in connection with crimes; and (2) by creating a risk that Mr. Simpkins would possess a firearm in a way that endangers the community (i.e., if he used it or allowed another person to use it).

### 5. *Weighing the Factors*

There is no presumption of detention, and the Court must balance the four factors to determine whether Mr. Simpkins should be held or released. The defense asked that Mr. Simpkins be released to reside with his girlfriend (or alternatively his mother), under HISP. Pretrial Services recommended that Mr. Simpkins be detained due to his past noncompliance with release conditions, which causes Pretrial to deem Mr. Simpkins a poor candidate for HISP. The government has moved for pretrial detention on grounds of dangerousness, asserting that no release conditions would reasonably ensure the safety of the community.

Mr. Simpkins' prior failures to comply with probation or release conditions are troubling, but the Court must assess whether there is clear and convincing evidence that he poses a danger to the community that cannot adequately be mitigated by release conditions. Put differently, even if Mr. Simpkins' history makes him likely to violate his release conditions, that would only support pretrial detention if the anticipated violations involved dangerous conduct. If the weapon had been recovered from Mr. Simpkins' body, or had his fingerprints on it, or if there were other evidence more strongly establishing a connection between Mr. Simpkins and the gun, the Court would find that the government had met its burden. That finding would be warranted under those circumstances, because such evidence would indicate that there is a high risk that Mr. Simpkins would obtain and possess an illegal firearm if he were released pending trial in this case, and would suggest that Mr. Simpkins had in fact done so only two weeks after being

released in connection with his pending Superior Court case. However, the defense's proffer makes the connection between Mr. Simpkins and the weapon somewhat tenuous, and when that is taken into consideration, he no longer appears too dangerous to be released.  Mr. Simpkins has a history of noncompliance with probation and pretrial release, but given the nature of those prior failures, the noncompliance does not demonstrate that he is dangerous, and there is no assertion that he is a flight risk.

Therefore, the Court concludes that the government has not shown by clear and convincing evidence that there are no conditions that would adequately ensure the safety of the community if Mr. Simpkins were released.  Instead, Mr. Simpkins will be released to the High Intensity Supervision Program, subject to home confinement, except that he will be permitted to work and travel to and from work, and to attend his medical appointments, drug treatment, and go to court and meet with his attorney.  No weapons or ammunition are allowed in the home. Two addresses have been proposed, an address in Northwest D.C., and his mother's address (where the weapon was recovered).  Given that Mr. Simpkins' current Superior Court release conditions do not specify an address where he must reside, he shall be released to reside at the Northwest D.C. address verified as his girlfriend's residence, as that: (1) is not the location where the weapon was found; and (2) will remove Mr. Simpkins from the neighborhood where the United States has proffered that there is ongoing violence.

Dated:   December 3, 2019

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE